UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LISA WALLACE,

                    Plaintiff,

        -against-

TOWN OF PERTH, GREGORY FAGAN,
and WAYNE MCNEIL

                    Defendants.

**COMPLAINT WITH
JURY TRIAL DEMAND**

Civil Case No: 1:25-cv-551(GTS/DJS)

By and through her counsel, Bailey, Johnson & Peck, P.C., Plaintiff LISA WALLACE, as and for her Complaint against Defendants, Town of Perth, Gregory Fagan and Wayne McNeil, hereby alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for gender discrimination, sexual harassment, and retaliation in violation of the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, as made actionable by 42 U.S.C. § 1983, Title VII of the Civil Rights Act, and the New York State Human Rights Law, N.Y. Exec. L. § 290, *et seq* (hereinafter "NYSHRL").

2.      This Complaint brings to light the abuses and harassment suffered by Plaintiff Lisa Wallace, who is an employee of the Town of Perth between the years of 2022 through present.

3.      In brief summary, beginning shortly after the start of Plaintiff's term as Town Justice for the Town of Perth, she began facing harassment, insults, and degradation and sexualization by Defendant Wayne McNeil due to her gender. She was/has been experiencing this conduct on a continuous basis. Despite Plaintiff bringing this to the attention of the Town of Perth Town Supervisor, Gregory Fagan, the intensely hostile environment has been permitted to which continue, and Plaintiff has experienced retaliation for her rebukes of sexual advances which has

been permitted to continue without remedy or redress by Defendants Town of Perth and Gregory Fagan.

## JURISDICTION & VENUE

4. As this action seeks to redress violations of Plaintiff's federal constitutional rights under the Equal Protection Clause of the United States Constitution and Title VII of the Civil Rights Act, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5. As Plaintiff's state law claims are so related to her federal claims that they form part of the same case or controversy as her federal claims, this Honorable Court has supplemental jurisdiction over such state law claims under 28 U.S.C. § 1367(a).

6. The events giving rise to the claims asserted herein occurred primarily in the County of Fulton, State of New York, which is within the judicial district and, therefore, venue in the Northern District of New York is proper under 28 U.S.C. § 1391(b)(2).

## JURY DEMAND

7. Plaintiff hereby demands a jury trial.

## CONDITIONS PRECEDENT

8. Plaintiff has complied with all conditions precedent to the commencement of this action as required by New York State General Municipal Law § 50-i, New York State Town Law, and 42 U.S.C. § 2000e-5.

9. Specifically, a Notice of Claim was duly served upon the Defendant(s) within the statutory period, more than thirty days have elapsed since the service of such Notice, and the Defendants have neglected or refused to adjust or satisfy the claim. This action is commenced within one year and ninety days after the event(s) upon which the claim is based.

10.    Plaintiff has also filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against the Town of Perth and received a Notice of Right to Sue Letter on or about March 21, 2025, which is attached hereto as **Exhibit "A"**.

11.    This lawsuit has been filed within the timeframe allowed by law following receipt of the Notice of Right to Sue.

## THE PARTIES

1.    Plaintiff Lisa Wallace is an individual residing in the County of Fulton, State of New York.

2.    Defendant Wayne McNeil (hereinafter "McNeil") is a male of legal age, who resides within the County of Fulton, State of New York and, at all times relevant times, served as a Town Justice for the Town of Perth Justice Court.

3.    McNeil is sued herein in his individual and official capacities.

4.    Defendant Gregory Fagan (hereinafter "Fagan") resides within the County of Fulton, State of New York and, at all relevant times, served as the Town Supervisor for the Town of Perth.

5.    Fagan is sued herein in his individual and official capacities.

6.    Defendant Town of Perth (hereinafter "Town of Perth" or "Town") is a municipal corporation organized and existing pursuant to the laws of the State of New York.

## FACTUAL ALLEGATIONS

7.    Lisa Wallace is an employee of the Town of Perth and has continuously held the position of Director of the Town of Perth Youth Commission ("PYC") since 2012.

8.    Lisa Wallace was elected Town Justice for the Town of Perth in November of 2020 and has held that office continuously since January 1, 2021.

3

9. The Town of Perth has two Town Justices – Lisa Wallace and McNeil.

10. Town Court sessions are held in Town Hall located at 1849 County Highway 107, Amsterdam, New York.

11. The Town Justice Court for the Town of Perth utilizes the same Human Resources Policy Manual approved by the Town Board for the Town of Perth.

12. The Town of Perth sets general personnel and administrative policies for the Town Justice Court.

13. Since as early as 2014, McNeil has served and continues to serve as Town Justice for the Town of Perth.

14. Starting in or about January 2022 and continuing through September 2024, McNeil repeatedly made inappropriate, sexually explicit, suggestive and direct lurid comments to and about Lisa Wallace.

15. McNeil has repeatedly made discriminatory and demeaning comments about Plaintiff's capabilities as a woman.

16. McNeil's comments have been directed at Lisa Wallace while she was employed in her capacity as Director of the PYC.

17. McNeil's comments have been directed to Lisa Wallace while she was employed in her capacity as Town Justice.

18. Due to limited staffing of the Town Justice Court, Plaintiff was required to assist with the Court's clerical work when McNeil was on the bench – which resulted in Plaintiff and McNeil working together several times a month.

19. The Town's PYC was also run from Town Hall, with its recreation fields adjacent to Town Hall.

20.    McNeil would frequently visit the Town Hall, recreation fields, and the Justice Court offices when court was not in session. This resulted in Plaintiff being forced to interact with McNeil while doing work for the PYC.

21.    Lisa Wallace was forced to endure sexually explicit and demeaning comments from McNeil each time they worked together in the Town Justice Court and when their paths crossed when she was performing her job duties for PYC. The comments made by McNeil have been continuous, consistent, and repetitive, since early 2022 until in or around February 2025 – after Plaintiff filed a Notice of Claim with the Town.

22.    By way of example, McNeil repeatedly asked Plaintiff to have sex with him making statements such as:

- "one day [you] will give in"… "today? Is today the day?"

- "You're chicken, when will you give in?"

- "One day you will learn it is okay to cheat".

-  "I know I'm old but if you gave in and I died, I would be happy".

- "I can teach you a thing or two".

- "slow is better" and that "[he] likes it slow."

23.    McNeil repeatedly commented on how Plaintiff dressed, said it was difficult for him to concentrate when she wore a dress, told Plaintiff that she should not wear clothes under her judicial robe, and offered to take Plaintiff on a cruise if she wore a bikini every day.

24.    Plaintiff has always dressed appropriately and never encouraged these comments.

25.    McNeil would ask Plaintiff, in sum and substance, if she has noticed that he does not "touch" her, so that she cannot "do anything".

26.     McNeil has asked Plaintiff to sit on his lap while in Town Court Chambers.

27. When Plaintiff purchased a new car, McNeil told her "We should try it out. Nobody would ever know."

28. On several occasions, McNeil would sit next to Plaintiff and attempt to rub his leg against her leg. McNeil would come up behind Plaintiff while she was sitting at her desk and tell Plaintiff not to move while leaning into her closely.

29. Most recently, in September of 2024, while at the Justice Court, McNeil told Plaintiff that she needed a "spanking".

30. McNeil would also demean Plaintiff's job performance based on her gender.

31. In one instance, McNeil ordered Plaintiff out of the courtroom in an effort to continue his sex-based discrimination and has stated in sum and substance: "I know more than you. You are a female and know nothing."

32. McNeil would also belittle Plaintiff both privately and in front of Court staff, berating her ability to perform her job to the point of tears. This conduct was witnessed by various Town Board Member.

33. McNeil has told Plaintiff, in sum and substance: "If someone comes into the courtroom with big boobs and cleavage, she will get a lesser fine" and, "women are nothing unless they have boobs."

34. McNeil made repeated comments that Plaintiff did not properly handle the finances for the PYC. He made these comments both publicly and to Plaintiff directly.

35. In the Summers of 2023 and 2024, on multiple occasions McNeil would go to the Town's recreation fields and camps while Plaintiff was working for the PYC and comment on her shorts and body, asking her to bring him snacks in her shorts and tank top.

36. McNeil's comments were demeaning and embarrassing to Plaintiff, made to her and in front of her family and staff.

37. When visiting the recreation fields and camps McNeil would also comment to Plaintiff that he wanted Plaintiff to have sexual relations with her and that her husband "doesn't need to know".

38. Plaintiff repeatedly and continuously rebuked McNeil's advances.

39. Plaintiff told McNeil that his comments needed to stop.  In response, McNeil stated that he did not need to stop, he just needed to be quieter.

40. McNeil's relentless sexually harassing comments to Plaintiff affected the conditions of Plaintiff's work through both the PYC and the Justice Court. McNeil's comments caused Plaintiff to feel anxiety on a daily and regular basis and placed Plaintiff in the position of having to defend her capabilities against McNeil's comments that she was inferior simply because of her gender.

41. In 2023, the New York State Comptroller performed a Risk Assessment of the Town of Perth.

42. McNeil began to interfere with the Risk Assessment of the PYC and used it as a means to further intimidate and harass Plaintiff.

43. McNeil used the Risk Assessment as a means to retaliate against Plaintiff for rebuking his advances and repeatedly pushing back against sexually demeaning comments that were directed towards her and females in general.

44. While the Risk Assessment was underway, McNeil told Plaintiff that he went through her PYC files as a "taxpayer" of the Town.

45. Upon learning this, Plaintiff inspected her files and found several which were needed for the Risk Assessment had gone missing.

46. Plaintiff reported to Fagan as the Town Supervisor that McNeil went through her files and that she found that several files were missing.

47. Thereafter, Plaintiff learned that McNeil admitted to taking her files so that they could be "inspected" for discrepancies.

48. Upon information and belief, the Town of Perth Town Board did not authorize McNeil to remove her files or to provide the files to a third-party for inspection.

49. There was no legitimate, nonretaliatory, nondiscriminatory reason for McNeil to take Plaintiff's files or otherwise interfere with the Risk Assessment.

50. Upon learning this, Plaintiff again reported the matter to Fagan.

51. The Risk Assessment was completed at the end of 2023 and a full audit of the Town, including the PYC, was then conducted by the NYS Comptroller's Office. Plaintiff was never advised of any investigation into her complaint of McNeil's interference.

52. Plaintiff had to explain to the NYS Comptroller investigators her knowledge as to what happened to the PYC files.

53. Upon information and belief, Fagan also told the NYS Comptroller investigators that McNeil "inspected" the files and that PYC files were missing after that "inspection".

54. During this time, McNeil repeatedly told Plaintiff he was doing "favors" for the auditors, and commenting on Plaintiff being under criminal investigation.

55. McNeil made these comments to Plaintiff and publicly about Plaintiff.

56. Plaintiff was not under criminal investigation.

57. In February 2025, the New York State Comptroller's Office concluded its audit of the PYC with no findings of wrongdoing on the part of Plaintiff.

58. McNeil's comments regarding the audit, his review of her PYC files, and his removal of PYC files were meant to further intimidate, harass, and retaliate against Plaintiff rebuffing his advances.

59. McNeil's treatment of Plaintiff – both his discriminatory and sexually inappropriate comments as well as his use of the PYC audit to intimidate her – were known by the Town of Perth and Fagan.

60. Plaintiff has repeatedly made McNeil aware that she did not approve of his commentary or conduct, but McNeil continued to act in the same unwanted and harassing manner.

*Plaintiff reports McNeil's conduct to Fagan and Town of Perth.*

61. Between 2022 through 2024, Plaintiff repeatedly told Fagan about McNeil's sexually explicit comments.

62. Fagan failed to investigate and/or properly investigate Plaintiff's reports concerning McNeil. Rather, Fagan would tell Plaintiff that McNeil has always been that way and advise her not to worry about it.

63. Plaintiff's complaints to Fagan were in person, over the phone and via text message regarding the sexual harassment and advances of Plaintiff by McNeil and his constant use of the PYC audit to further his campaign of harassment and intimidation towards Plaintiff. During these conversations, Plaintiff would sit in Fagan's Town-hall office crying because she felt as though she could not take what was happening to her at the Town.

64. On or about December 19, 2023, Plaintiff spoke to Fagan in person regarding the sexual harassment and advances of Defendant McNeil.

65.    In or around May 2024, Plaintiff again reported McNeil's conduct to Fagan. Plaintiff advised Fagan that she was "struggling" and that she wanted to talk in person about her concerns. Fagan responded that McNeil is "out of bounds" but took no further action.

66.    Plaintiff again contacted Fagan, advising him that she has been suffering from anxiety and emotional issues due to the sexual harassment and discriminatory conduct she had been facing from McNeil. Fagan advised Plaintiff not to let it bother her.

67.    In June 2024, Plaintiff advised Fagan that she felt as though McNeil's commentary had gotten worse and that she believed McNeil's actions with respect to the Risk Assessment were because she continuously rebuked his sexual advances. Fagan responded that "he's always been this way."

68.    Plaintiff also spoke to her PYC Town Board liaison about McNeil's conduct, specifically stating that she could no longer take his sexual and emotional harassment.

69.    Upon information and belief, separate and apart from Plaintiff's complaints, McNeil's treatment of women was known to the Town.

70.    At no point did Fagan or the Town of Perth investigate and/or properly investigate Plaintiff's complaints regarding McNeil.

71.    At no point did Fagan or the Town of Perth address or remedy the sexually harassing and retaliatory conduct complained of by Plaintiff.

72.    McNeil and Fagan harassed and/or permitted the harassment of Plaintiff based on her gender, so severely as to create a hostile work environment and occurring under the color of state law.

10

**AS AND FOR A FIRST CAUSE OF ACTION:**
**NYSHRL, N.Y. Exec. L. § 290, *et seq.***
**Sexual Harassment/Hostile Work Environment and Discrimination Based on Gender**
**(Against Town of Perth)**

73. Plaintiff hereby realleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "73" above.

74. The NYSHRL makes it unlawful for "an employer . . ., because of an individual's . . . sex, . . . to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Exec. L. § 296(1)(a).

75. The NYSHRL makes it unlawful for "an employer . . . to subject any individual to harassment because of an individual's . . . sex . . ., regardless of whether such harassment would be considered severe or pervasive under precedent applied to harassment claims." *Id*. § 296(h).

76. The NYSHRL also makes it unlawful for "any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." *Id*. § 296(6).

77. The Town of Perth employs more than fifteen (15) employees and, at all times relevant, was Plaintiff's employer.

78. Town of Perth was aware of McNeil's discriminatory and harassing conduct towards Plaintiff based on her gender and took no actions to stop it.

79. By permitting McNeil's conduct as described hereinabove without redress, the Town has subjected Plaintiff to a sexually hostile work environment, thereby discriminating against her in the terms, conditions or privileges of her employment in violation of the NYSHRL.

80.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Plaintiff is entitled to an award of damages.

81.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

82.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief, in addition to costs and reasonable attorneys' fees pursuant to N.Y. Exec. Law § 297(10) and punitive damages pursuant to § 297(4)(c).

**AS AND FOR A SECOND CAUSE OF ACTION:**
**NYSHRL, N.Y. Exec. L. § 296(1)(a), *et seq.***
**Sexual Harassment/Hostile Work Environment Based on Gender**
**(Against Town of Perth)**

83.     Plaintiff hereby realleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "83" above.

84.     The Town of Perth employs more than fifteen (15) employees and, at all times relevant, was Plaintiff's employer.

85.     As illustrated herein, Plaintiff was forced to work in a sexually hostile and abusive work environment.

86.     Plaintiff was continually, routinely and frequently subjected to a hostile work environment based on her gender through McNeil's offensive, vulgar and crude comments, gestures and touching of a sexual nature towards Plaintiff.

12

87. The outrageous treatment and harassment of Plaintiff was both unwelcome and pervasive.

88. McNeil's conduct was reported to the Town of Perth Town Supervisor and individual Town Board members by Plaintiff.

89. Town of Perth knew or should have known about the harassment Plaintiff was forced to endure yet failed to take any action designed to stop it.

90. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Plaintiff is entitled to an award of damages.

91. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

92. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief, in addition to costs and reasonable attorneys' fees pursuant to N.Y. Exec. Law § 297(10) and punitive damages pursuant to § 297(4)(c).

**AS AND FOR A THIRD CAUSE OF ACTION:**
**NYSHRL, N.Y. Exec. L. § 296(6), *et seq.***
**(Against Defendant McNeil)**

93. Plaintiff hereby realleges and incorporates herein by reference each and every allegation set forth in Paragraphs ""1" through "93" above.

13

94.     Defendant McNeil, by engaging in the conduct described above, directly participated in and aided and abetted unlawful, gender-based discrimination, and harassment and retaliation against Plaintiff in violation of NYSHRL.

95.     As a direct and proximate result, Plaintiff has suffered and continues to suffer monetary and/or economic damages for which Plaintiff is entitled to an award of damages.

96.     As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

97.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief, in addition to costs and reasonable attorneys' fees pursuant to N.Y. Exec. Law § 297(10) and punitive damages pursuant to § 297(4)(c).

### AS AND FOR A FOURTH CAUSE OF ACTION:
### NYSHRL, N.Y. Exec. L. § 296(6), *et seq.*
### Aiding and Abetting Against Defendant Fagan

98.     Plaintiff hereby realleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "98" above.

99.     Defendant is subject to the NYSHRL, Executive Law § 290 et seq., which prohibits discrimination and harassment in the workplace.

100.    Plaintiff was subjected to a hostile work environment by McNeil who engaged in discriminatory conduct based on Plaintiff's gender.

101.    Fagan knowingly and substantially assisted in the creation and perpetuation of this hostile work environment by ignoring Plaintiff's complaints that she was being subjected to sexual harassment and retaliation by McNeil, allowing McNeil to interfere with the Town's audit of the PYC, failing to investigate or otherwise take remedial measures to prevent the continued harassment and retaliation of Plaintiff by McNeil.

102.    Fagan's conduct constitutes aiding and abetting under the NYSHRL, making them liable for the hostile work environment experienced by Plaintiff.

103.    As a direct and proximate result, Plaintiff has suffered and continues to suffer monetary and/or economic damages for which Plaintiff is entitled to an award of damages.

104.    As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

105.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief, in addition to costs and reasonable attorneys' fees pursuant to N.Y. Exec. Law § 297(10) and punitive damages pursuant to § 297(4)(c).

**AS AND FOR A FIFTH CAUSE OF ACTION**
**Retaliation In Violation of New York State Human Rights Law**
**(Against All Defendants)**

106.    Plaintiff hereby realleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "106" above.

107. Plaintiff engaged in protected activity by: (1) specifically communicating to McNeil her disapproval of his sexually harassing and gender discriminatory statements and conduct, and (2) complaining of McNeil's discriminatory conduct to Fagan.

108. In response to Plaintiff's continued rebuffs of McNeil, McNeil targeted Plaintiff through repeated and unauthorized interference in the Comptroller's audit of the PYC, taking PYC receipts and files thereby interfering with Plaintiff's ability to respond to the audit, making repeated comments that Plaintiff was under a criminal investigation, and creating an ever increasing hostile work environment thereby affecting the terms and conditions of Plaintiff's employment as the PYC Director and as a Town Judge for the Town of Perth.

109. As a direct and proximate result, Plaintiff has suffered and continues to suffer monetary and/or economic damages for which Plaintiff is entitled to an award of damages.

110. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

111. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief, in addition to costs and reasonable attorneys' fees pursuant to N.Y. Exec. Law § 297(10) and punitive damages pursuant to § 297(4)(c).

**AS AND FOR A SIXTH CAUSE OF ACTION:**
**42 U.S.C. § 1983; U.S. Const., Amend XIV, § 1**
**(Against Defendant McNeil)**

112. Plaintiff hereby realleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "112" above.

113. 42 U.S.C. § 1983 makes it unlawful for any person acting under color of state law to "subject[], or cause[] to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . " 42 U.S.C. § 1983.

114. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution provides that "[n]o state shall . . . deny to a person within its jurisdiction the equal protection of the law." U.S. Const., amend XIV, § 1.

115. The right to Equal Protection includes the right of public employees to be free from gender-based harassment in the workplace, and those who perpetrate such harassment under color of state law may be held liable in damages for same.

116. McNeil, while acting under the color of state law as an official of the Town of Perth, deprived Plaintiff of her constitution rights to Equal Protection by intentionally engaging in conduct as set forth herein that subjected Plaintiff to discriminatory actions including a hostile work environment and sexual harassment due to Plaintiff's gender in violation of 42 U.S.C. § 1983.

117. McNeil's conduct of sexually harassing, demeaning and belittling Plaintiff based on her gender, and retaliating against Plaintiff for rebuffing his advances as detailed above, subjected Plaintiff to a sexually hostile work environment, thereby discriminating against her in

17

the terms, conditions or privileges of her employment because of her gender in violation of the Equal Protection Clause, as made actionable by 42 U.S.C. § 1983.

118. As a direct and proximate result, Plaintiff has suffered both economic and non-economic damages.

**AS AND FOR A SEVENTH CAUSE OF ACTION:**
**42 U.S.C. § 1983; U.S. Const., Amend XIV, § 1**
**(Against Defendant Town of Perth)**

119. Plaintiff hereby realleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "119" above.

120. Town of Perth while acting under the color of state law deprived Plaintiff of her constitutional right to Equal Protection as secured by the Fourteenth Amendment to the U.S. Constitution in violation of 42 U.S.C. § 1983.

121. Town of Perth intentionally committed, condoned, or was deliberated indifferent to the aforementioned violation of Plaintiff's constitutional rights in that the Town of Perth had a *de facto* custom and/or practice of failing to investigate, remedy, or otherwise address allegations of retaliation and/or discrimination based on gender.

122. Plaintiff complained of McNeil's discriminatory and harassing conduct to Fagan as the Town Supervisor for the Town of Perth.

123. Fagan specifically acknowledged to Plaintiff that McNeil's conduct was known to the Town.

124. McNeil's discriminatory and sexually harassing behavior towards females was also well as known to Town Board Members with such knowledge imputed to the Town through its Town Supervisor and legislative governing body.

18

125.    The Town of Perth is legally obligated to investigate allegations of sexual harassment, gender discrimination, and retaliation.

126.    Despite its legal obligation, the Town of Perth's written Human Resources Policy adopted by the Town Board via By-Law No. 2012-4303 regarding Non-Retaliation affords Town Directors and Supervisors the discretion to not investigate complaints of retaliation and discrimination, stating that "Directors/Supervisors who receive reports of wrongdoings must take all reports seriously, look into the concern *to the extent they deem the concern credible, serious and legitimate*."

127.    The Town of Perth's Human Resources Policy facially allows Town supervisory officials to not investigate complaints of sexual harassment and retaliation.

128.    Indeed, the Town has a *de facto* policy of not investigating complaints of sexual harassment and specifically failed to investigate multiple complaints of gender discrimination, retaliation, and harassment made by Plaintiff.

129.    In adopting both a written and *de facto* policy allowing for complaints of discrimination to go uninvestigated and by failing to investigate, address, and remedy complaints of gender discrimination and retaliation, the Town of Perth condoned, permitted, and/or was deliberately indifferent to the gender/sex discrimination and retaliatory practices in violation of Plaintiff's right to Equal Protection as secured by the Fourteenth Amendment to the U.S. Constitution.

130.    As a direct and proximate result, Plaintiff has suffered both economic and non-economic damages.

**AS AND FOR AN EIGHTH CAUSE OF ACTION:**
**Hostile Work Environment Motivated by Gender Under Title VII**
**(Against Town of Perth)**

131.    Plaintiff hereby realleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "131" above.

132.    McNeil's conduct towards Plaintiff created a work environment that was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were altered thereby.

133.    McNeil discriminated against Plaintiff by subjecting her to a hostile work environment on the basis of her gender in violation of Title VII.

134.    The Town of Perth and Fagan as Town Supervisor effectively condoned this hostile work environment by failing to protect Plaintiff from McNeil's harassment.

135.    As a direct and proximate cause of said acts, Plaintiff has suffered and continues to suffer pain and suffering, mental anguish, distress, humiliation, embarrassment, and damage to her reputation.

**AS AND FOR A NINTH CAUSE OF ACTION**
**Retaliation Under Title VII**
**(Against Town of Perth)**

136.    Plaintiff hereby realleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "136" above.

137.    Plaintiff engaged in protected activity as defined under Title VII by repeatedly complaining to Fagan as the Town Supervisor of discrimination regarding the hostile work environment she was subjected to because of her gender.

138.    The Town of Perth subjected Plaintiff to a hostile work environment in retaliation for her protected activity by permitting McNeil to harass and belittle Plaintiff, permitting McNeil

20

to review and remove Plaintiff's PYC files, permitting McNeil to threaten Plaintiff with allegations of criminal wrongdoing with respect to her management of the Town's PYC, and permitting McNeil to intercede in the audit of the Town's PYC.

139.    The Town of Perth and Fagan effectively condoned the behavior of McNeil.

140.    As a direct and proximate cause of said acts, Plaintiff has suffered and continues to suffer pain and suffering, mental anguish, distress, humiliation, embarrassment, and damage to her reputation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

1.    Accept jurisdiction over this action and all parties;

2.    Empanel a jury to hear all claims;

3.    Adjudge and declare that Defendants have violated Plaintiff's right under 42 U.S.C. § 1983, and the NYSHRL;

4.    Award to Plaintiff punitive damages with pre- and post-judgment interest;

5.    Award Plaintiff the reasonably incurred attorneys' fees and litigation costs associated with the prosecution of this matter; and

6.    Award such additional relief as the Court deems just, proper and equitable under the circumstances.

Dated: May 2, 2025                          Bailey, Johnson & Peck, P.C.

By: _____
                                            Crystal R. Peck
                                            Bar Roll No.: 514375
                                            CRPeck@baileyjohnson.com
                                            John W. Bailey
                                            Bar Roll No.: 101069
                                            JWBailey@baileyjohnson.com
                                            5 Pine West Plaza, Suite 507
                                            Albany, NY 12205
                                            (518) 456-0082

21

TO:    Town of Perth
1849 Co Hwy 107
Amsterdam, NY 12010

Gregory Fagan
Town of Perth
1849 Co Hwy 107
Amsterdam, NY 12010

Wayne McNeil
Town of Perth
1849 Co Hwy 107
Amsterdam, NY 12010

22